IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RODERICK D. WILLIAMS, | : | BIVENS |
| Inmate # 56468-019, | : | 28 U.S.C. § 1331 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-1372-RWS |
| | : | |
| WARDEN, | : | |
|     Defendant. | : | |

## ORDER

Plaintiff, Roderick D. Williams, an inmate at the Federal Prison Camp in Atlanta, Georgia, has styled the instant action as a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241, yet he does not seek release from custody. Plaintiff challenges his access to the courts and visitation rights.

The Court finds that this action may not proceed as a habeas corpus petition pursuant to 28 U.S.C. § 2241. Actions brought pursuant to 28 U.S.C. § 2241 properly challenge the execution of a sentence whereas challenges to conditions of confinement and related civil rights allegations should be brought pursuant to civil rights laws. See United States v. Furman, 112 F.3d 435, 438-39 (10th Cir. 1997). Moreover, the only relief available in a habeas corpus action is "immediate or more speedy release." Gwin v. Snow, 870 F.2d 616, 622 (11th Cir. 1989) ("In the case of

a damages claim, habeas corpus is not an appropriate or available federal remedy."). See also Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is 42 U.S.C. § 1983), cert. denied, 516 U.S. 1059 (1996).  Thus, in order for Petitioner to pursue his access to the courts and visitation claims, this case may only proceed as a Bivens action pursuant to 28 U.S.C. § 1331.

The Court will construe this action as one brought pursuant to 28 U.S.C. § 1331.  For purposes of dismissal only, Plaintiff is **GRANTED** in forma pauperis status, and the matter is presently before the Court for a 28 U.S.C. § 1915A review.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either:  (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint may be dismissed for

2

failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

Plaintiff's claims against the federal Defendant arises under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to a damages action in federal court, brought pursuant to 28 U.S.C. § 1331. Because "[t]he effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials," courts generally apply section 1983 law to Bivens cases. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).

3

## II. Plaintiff's Allegations

Plaintiff alleges that he is currently housed in the special housing unit ("SHU") of the prison camp, where he does not have access to the courts. According to Plaintiff, he is pursuing relief in his criminal action in the Southern District of Alabama, and the lack of access to the courts will hinder his ability to timely litigate his case. Plaintiff also contends that he is being denied family visitation rights. Plaintiff seeks placement in general population and that he be provided access to the courts and family visits.

## III. Discussion

Plaintiff's allegations that he is being denied access to the courts fail to state a claim. "Prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). "The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.'" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)). This requisite actual injury requirement means that "prison officials' actions that allegedly violated an inmate's right of access to the courts must have impeded the inmate's pursuit of a

4

nonfrivolous, post-conviction claim or civil rights action." Id. Thus, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systematic." Id. at 1291. "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials." Id. at 1290-91.

Here, Plaintiff alleges that the denial of access to the courts has impeded his ability to litigate his post-conviction relief in his federal criminal proceedings. However, Plaintiff was represented by counsel in his post-conviction proceedings in the Southern District of Alabama. See Williams v. United States, No. 1:04-CR-0197-CG-N-2 at Docs. 232, 234 (S.D. Ala. 2005). Furthermore, Plaintiff has filed documents in his federal criminal proceedings, even though he has an attorney. Id. at Docs. 233, 237, 238. Thus, Plaintiff has failed to sufficiently allege that he has been denied access to the courts or that any such deprivation has resulted in "actual injury."

Plaintiff's allegation that he is being denied family visits also fails to state a claim. Although prisoners retain a First Amendment right to communicate with friends and family, Pope v. Hightower, 101 F.3d 1382, 1385 (11th Cir. 1996), Plaintiff does not have an absolute right to visitation. See Kentucky Department of

5

Corrections v. Thompson, 490 U.S. 454, 461 (1989) (holding prisoner has no absolute constitutional right to visitation).  In the instant action, Plaintiff has not alleged that he is unable to communicate with his family by other means.  See Overton v. Bazzetta, 539 U.S. 126, 127 (2003) (upholding restrictions on visitation where inmates had alternative means of exercising their asserted right of association with those prohibited from visiting).  Therefore, his complaint is subject to dismissal.

Lastly, Plaintiff's requested relief in the form of placement in general population is subject to dismissal.  Plaintiff's allegations do not indicate that his placement in SHU imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and, thus, he has no protected liberty interest.  Sandin v. Conner, 515 U.S. 472, 484 (1995).  "Being classified to the highest security in the SHU and its resulting consequences of disqualification for certain programs, as with any security classification, is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law."  Johnson v. Burris, 339 F. App'x 129, 131 (3d Cir. 2009) (citation and internal quotation marks omitted).  See also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (prison officials have discretion over prison classifications and prisoners have no legitimate due process concerns in them).

6

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action be **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff be granted in forma pauperis status for the purpose of dismissal only.

**IT IS SO ORDERED,** this  24th  day of June, 2010.

_____
**RICHARD W. STORY**
United States District Judge